UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA

    -against-

WILKIN DE LOS SANTOS,

                  Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/25/2025____
```

19 Cr. 391-5 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Defendant, Wilkin De Los Santos, moves for an order waiving his required payment of interest on restitution. *See* Mot., ECF No. 243; Opp., ECF No. 246; Reply, ECF No. 250. For the reasons stated below, the motion is granted.

## BACKGROUND

    In June 2022, De Los Santos was found guilty of conspiracy to commit mail fraud, mail fraud, and aggravated identity theft. 6/24/2022 ECF Entry; Judgment at 1, ECF No. 221. In December, he was sentenced to 30 months' imprisonment to be followed by one year of supervised release. Judgment at 2–3. The Court ordered De Los Santos to pay $101,241.21 in restitution and directed him to "commence monthly installment payments in an amount equal to 2.5 percent of [his] gross income, payable on the 1st of each month, upon release from prison." *Id*. at 6–8. At the time of sentencing, the Court did not waive interest on restitution. *See id*. at 6.

    On March 27, 2025, while serving his sentence in FCI Victorville Medium II ("FCI"), De Los Santos moved, *pro se*, to waive interest on restitution, arguing that his "current income of $0.96 cents per month in the BOP work program does not allow" him to "afford accrued interest." Mot. at 2. De Los Santos was released on April 8. Opp. at 3; Reply at 1. On May 17, the Government opposed his motion, stating that De Los Santos "has just been released from prison such that the 2.5% monthly payment schedule the Court previously set has literally just commenced," and that he has not informed the Court of any "significant material change in [his] economic circumstances such that he cannot meet the payment schedule." Opp. at 3.

    De Los Santos was appointed counsel under the Criminal Justice Act. ECF No. 248. On June 6, his counsel filed a reply, informing the Court and the Government that, upon his release from FCI, "De Los Santos was immediately taken into custody by United States Immigration and Customs Enforcement ("ICE")," and has been detained at the Adelanto ICE Processing Center "during the pendency of deportation proceedings against him." Reply at 1–2. Counsel explains that, when De Los Santos was released into ICE custody, "the limited ability he had to earn any money while incarcerated [was] taken away." *Id*. at 2. Considering this, counsel argues that "interest should not accrue at a time when any payment is impossible." *Id*.

## DISCUSSION

    Generally, a "district court lacks the authority to alter a sentence after the time of sentencing." *United States v. Petit*, 541 F. Supp. 3d 304, 309 (S.D.N.Y. 2021). There are,

however, some exceptions. Under 18 U.S.C. § 3664(o), for example, a "sentence that imposes an order of restitution" may be "adjusted" pursuant to § 3664(k). Section 3664(k), in turn, provides that, upon notification of a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution," the "court may, on its own motion, or the motion of any party, . . . adjust the payment schedule . . . as the interests of justice require." 18 U.S.C. § 3664(k).

When the Court imposed sentence in 2022, it contemplated that De Los Santos would be able to make money while incarcerated and pay interest on restitution, which he did. *See* Mot. But that has changed. As De Los Santos points out, he "was not released from incarceration to freedom, so that his ability to pay restitution increased." Reply at 2. The opposite happened: When he was released into ICE custody, he lost the ability to make any money while incarcerated. *Id*. In light of this, the Court finds, and the Government does not dispute, that De Los Santos' release into ICE custody constitutes a material change in his economic circumstances that affects his ability to pay interest on restitution, and that the interests of justice require that the Court waive such payment.

## CONCLUSION

Accordingly, De Los Santos' motion to waive interest on restitution is GRANTED, and the Court ORDERS that the interest requirement is WAIVED for the ordered restitution of $101,241.21.[1]

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 243.

SO ORDERED.

Dated: August 25, 2025
       New York, New York

_____
ANALISA TORRES
United States District Judge

---

[1] De Los Santos also moves "to be fully relieved of restitution obligations that, as a result of ICE enforcement, he will likely never be able to meet." Reply at 2. He explains that "[h]e may never be released back into United States society, such that he can pay restitution, and instead may be deported to the Dominican Republic, which he left as a toddler." *Id*. Because the removal proceedings remain pending, however, the Court is unable to evaluate this argument. Accordingly, De Los Santos' request to be "fully relieved of restitution obligations" is denied without prejudice to renewal once his removal proceedings have concluded.